UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CESAR AUJUSTO VALASQUEZ,

        Petitioner,

                                   CASE NO. 05-CV-73281-DT
  v.                             JUDGE VICTORIA A. ROBERTS
                                   MAGISTRATE JUDGE PAUL J. KOMIVES

BLAINE LAFLER,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

*Table of Contents*

I.      RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II.     REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     B.    *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     C.    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     D.    *Sufficiency of the Evidence (Claim I)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
         1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
         2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
     E.    *Evidentiary Claims (Claims III & IV)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
         1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
         2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
             a. Prior Acts Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
             b. *Videotaped Statement* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
             c. *Michigan Surveillance* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
             d. *Note to Wife* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
             e. Drug Profile Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
     F.    *Aiding and Abetting Jury Instruction (Claim IV)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
         1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
         2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
     G.    *Ineffective Assistance of Counsel (Claims III and IV)* . . . . . . . . . . . . . . . . . . . . . . . . . 17
         1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
         2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
             a. Failure to Raise Objection to Drug Profile Testimony (Claim III) . . . . . . . . . . . . . 19
             b. Failure to Challenge Jury Instructions (Claim IV) . . . . . . . . . . . . . . . . . . . . . . 19
     H.    *Cumulative Effect of Errors (Claim V)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
     I.     *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
III.    NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.     REPORT:

A.      *Procedural History*

        1.      Petitioner Cesar Aujusto Valasquez is a state prisoner, currently confined at the Muskegon Correctional Facility in Muskegon, Michigan.

        2.      Petitioner was charged with possessing with intent to deliver 650 grams or more of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iv).  The trial court ruled before trial that evidence seized incident to arrest in the state of Georgia was inadmissible.  The Michigan Court of Appeals denied the prosecution's application for leave to appeal, but the Michigan Supreme Court reversed the decision of the trial court and remanded the matter back to the trial court for further proceedings. The trial court then admitted the evidence.

        3.      On  May 29, 2002, petitioner was convicted of the charged crime following a jury trial in the Oakland County Circuit Court.  On June 24, 2002, he was sentenced to a term of thirty to sixty years' imprisonment as a habitual offender under MICH. COMP. LAWS § 796.10.

        4.      Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

        I.      DID THE PROSECUTION FAIL TO PRODUCE SUFFICIENT
                EVIDENCE TO SUSTAIN VERDICTS OF GUILTY BEYOND A
                REASONABLE DOUBT OF POSSESSION WITH INTENT TO DELIVER
                CONTROLLED SUBSTANCES OVER 650 GRAMS.

        II.     DEFENDANT WAS DENIED A FAIR TRIAL BY THE TRIAL COURT'S
                ABUSE OF DISCRETION IN SEVERAL EVIDENTIARY RULINGS
                WHERE IT PERMITTED:

                A.      THE ERRONEOUS ADMISSION OF IMPROPER OTHER ACTS

2

EVIDENCE, WHICH RESULTED IN A MISCARRIAGE OF JUSTICE AND DENIED DEFENDANT HIS RIGHT TO A FAIR TRIAL;

B.    THE ADMISSION, OUT OF CONTEXT AND OVER OBJECTION, OF AN IRRELEVANT, UNFAIRLY PREJUDICIAL STATEMENT MADE BY DEFENDANT AT A VIDEOTAPED INTERVIEW BY THE POLICE AND BY THE DENIAL OF DEFENDANT'S REQUEST TO ADMIT THE ENTIRE VIDEO UNDER THE RULE OF COMPLETENESS;

C.    THE ADMISSION OF PROSECUTION TESTIMONY OVER OBJECTION THAT DEFENDANT WAS UNDER SURVEILLANCE IN OCTOBER AND DECEMBER OF 2000 AND THE DETAILS OF SAID SURVEILLANCE THAT PERMITTED THE PROSECUTION TO INTRODUCE OTHER PREJUDICIAL "DRUG PROFILE" EVIDENCE;

D.    THE ADMISSION OF NOTES OR LETTER TO HIS WIFE MADE BY DEFENDANT ON A PIECE OF PAPER POST-ARREST CONFISCATED FROM HIM WHILE BEING TRANSPORTED TO COURT FOR AN ARRAIGNMENT.

III.    DEFENDANT'S RIGHT TO A FAIR TRIAL WAS OFFENDED BY THE IMPROPER "DRUG PROFILE" TESTIMONY BY PROSECUTION POLICE WITNESSES DETECTIVE DAVID MCNEALY, LIEUTENANT JIMMY HIGHTOWER, SERGEANT BRENT MILES, AND DETECTIVE BRENT JEX, ADMITTED AS SUBSTANTIVE EVIDENCE, AS A RESULT OF THE COMBINED ERRORS OF THE TRIAL COURT, PROSECUTOR, AND THE SERIOUS MISTAKE OF DEFENSE COUNSEL.

IV.    THE TRIAL COURT ERRED REVERSIBLY WHERE IT FAILED TO INSTRUCT THE JURY ON THE LAW OF AIDING AND ABETTING, AN ISSUE CENTRAL AND CONTROLLING TO THE CASE.

A.    COUNSEL WAS INEFFECTIVE FOR FAILING TO INSURE THAT THE COURT READ FINAL INSTRUCTIONS ON AIDING AND ABETTING, AN ISSUE CENTRAL AND CONTROLLING TO THE CASE WHICH WAS ESSENTIAL FOR THE JURY TO PROPERLY EVALUATE THE EVIDENCE.

V.    DEFENDANT WAS DENIED A FAIR TRIAL DUE TO THE CUMULATIVE EFFECT OF THE PREJUDICIAL ERRORS AT  HIS

3

TRIAL.

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Valasquez*, No. 243083, 2004 WL 315169 (Mich. Ct. App. Feb. 19, 2004) (per curiam).

5.      Petitioner, proceeding *pro se*, sought leave to appeal these issues to the Michigan Supreme Court.  The Supreme Court denied petitioner's application for leave to appeal in a standard order.  *See People v. Valasquez*, 471 Mich. 868, 683 N.W.2d 676 (2004).

6.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on August 25, 2005.  As grounds for the writ of habeas corpus, he raises the same five claims that he raised in the Michigan Court of Appeals.

7.      Respondent filed his answer on March 8, 2006  He contends that petitioner's claims are without merit.

B.      *Factual Background Underlying Petitioner's Conviction*

The facts underlying petitioner's conviction were accurately summarized in petitioner's brief on direct appeal in the Michigan Court of Appeals:

> The police stopped defendant's car for a traffic offense after receiving information from a confidential informant that defendant may have been involved in transporting narcotics from Florida to Michigan.  Defendant had been driving in an erratic manner, leading the police to believe he was trying to evade cars that might be following him.  The car defendant was driving was registered to another person. After defendant was stopped, he consented to a search of the vehicle.  The police found approximately forty-six kilograms of cocaine in a hidden storage compartment in the rear of the car.  Pagers, cellular telephones, and cash were also confiscated. Defendant gave a statement to the police denying knowledge of the cocaine.  The search and arrest tool place in January 2001.  The police had previously followed defendant in October and December 2000, suspecting him of being involved in narcotics trafficking.   Each time, defendant was driving a Volvo automobile registered to another person, and drove in an erratic manner that led the police to believe he was trying to evade cars that might be following him.

4

Further investigation revealed that the defendant had previously been stopped for speeding in Georgia, and the police there determined that defendant drove a van registered to another person. On that occasion, defendant consented to a search of the vehicle and the police discovered a hidden compartment in the rear of the van that contained trace amounts of cocaine. A video tape of the Georgia search was played for the jury in this case. A cellular telephone, pager, and cash were also confiscated.

*Valasquez*, 2004 WL 315169 at *1-2.

C.   *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also, Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a

result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)

(quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535

U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court

to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme]

Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*,

539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694.

However, "[i]n order for a federal court to find a state court's application of [Supreme Court]

precedent 'unreasonable,' the state court's decision must have been more than incorrect or

erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539

U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of

whether the state court's decision comports with "clearly established federal law as determined by

the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the

Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the

holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court

decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing

legal principle or principles set forth by the Supreme Court at the time the state court renders its

decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529

U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the

benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not

require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme

Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.      *Sufficiency of the Evidence (Claim I)*

Petitioner first contends that the prosecution presented insufficient evidence to establish his guilt beyond a reasonable doubt. The Court should conclude that the petitioner is not entitled to habeas relief on this claim.

1.      *Clearly Established Law*

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). Under the pre-AEDPA standard for habeas review of sufficiency of the evidence challenges, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Reviewing courts must review evidence, draw inferences and resolve conflicting inferences from the record in favor of the prosecution. *See Neal v. Morris*, 972 F.2d 675, 678 (6th Cir, 1992). In determining the sufficiency of the evidence, the court must give circumstantial evidence the same weight as direct evidence. *See*

*United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993).  However, under the amended version of §2254(d)(1) a federal habeas court must apply a more deferential standard to review of the state court decision.  Thus, the question here is whether the Michigan Court of Appeals's application of the *Jackson* standard was reasonable.  *See Gomez v. Acevedo*, 106 F.3d 192, 198-200 (7th Cir. 1997), *vacated on other grounds sub nom. Gomez v. DeTella*, 533 U.S. 801 (1998); *Restrepo v. DiPaolo*, 1 F. Supp. 2d 103, 106 (D. Mass 1998).

While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York,* 432 U.S. 197, 211 n.12 (1977); *see also*, *Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).  Thus, "[a] federal court must look to state law to determine the elements of the crime." *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999).

Under Michigan law, to convict for possession with intent to distribute, the prosecution must establish beyond a reasonable doubt that a defendant knowingly possessed the illegal substance and intended to give it to someone else.  *See People v. Wolfe*, 440 Mich. 508, 516-17, 489 N.W.2d 748, 752 (1992);  *see also*, *People v. Ball*, No. 193881, 1997 WL 33343733, at *1 (Mich. Ct. App. Jan. 1, 1997). The element of possession can be satisfied by either actual physical possession or constructive possession.  *See Wolfe* at 520, 489 N.W.2d at 753.   Constructive possession can be shown by knowledge of the presence of the cocaine paired with the right to exercise control over it. *See Id.* "While a person's mere presence at a location where drugs are found is not enough by itself to establish constructive possession, a variety of factors may be considered to find a sufficient nexus

between the defendant and the drugs." *Ball,* 1997 WL 33343733, at *4 (citing *Wolfe*, 440 Mich at

520-521, 489 N.W.2d at 753-54). "Constructive possession exists when the totality of the

circumstances indicates a sufficient nexus between the defendant and the contraband." *Id*. *4 (citing

*Wolfe*, 440 Mich at 521, 489 N.W.2d at 754). Moreover, "[a]s with possession, actual delivery is not

required to prove intent  to deliver." *Id*. (citing *Wolfe*, 440 Mich at 524, 489 N.W.2d at 755).

"Surrounding circumstances such as the quantity of drugs recovered and the way in which the drugs

are packaged can demonstrate intent to deliver." *Id.*. (citing *Wolfe*, 440 Mich at 524, 489 N.W.2d at

755).

2. *Analysis*

Petitioner contends that there was insufficient evidence presented that he possessed the

cocaine with the intent to deliver it to someone else.  The Michigan Court of Appeals rejected this

claim, reasoning:

> Although defendant denied knowing that cocaine was hidden in the car, there
> was evidence that he was previously stopped driving a different vehicle that also had
> a  hidden  compartment  containing  cocaine  residue.    Further,  although  the
> compartment here was accessible with tools, a set of tools suitable for this purpose
> was found in the back seat of the car.  A diagram showing the location of the
> compartment was also recovered from the car.  Defendant had driven the car from
> Florida to Michigan, and had spent a few days driving around the Detroit area.
> Viewed in a light most favorable to the prosecution, this evidence was sufficient to
> support defendant's conviction.

*Valasquez*, 2004 WL 315169 at *2.  The Court should conclude that this determination was

reasonable.

Despite the fact that there was no direct evidence that the petitioner knew that there was

cocaine in the vehicle he was driving, or that he intended to deliver the cocaine to someone else, there

was sufficient circumstantial evidence for the jury to reach this conclusion.  As the court of appeals

9

noted, there is no doubt that petitioner had been previously stopped in an almost identical scenario in which traces of cocaine were found.  In addition, the car that petitioner was driving had the tools necessary to open the secret compartment, and there was a diagram in the car detailing the location of the secret compartment.  Moreover, petitioner had been previously followed by police, driving in a manner which suggested he was trying to evade anyone tailing him.

Taking this evidence into account, the Michigan Court of Appeals did not unreasonably apply *Jackson* in concluding that the evidence was sufficient to show a sufficient nexus between the petitioner and the drugs for both possession and intent to distribute more 650 grams of cocaine found in the secret compartment of the car petitioner was driving.  Consequently, the Court should conclude that petitioner is not entitled to habeas corpus relief on this ground.

E.      *Evidentiary Claims (Claims III & IV)*

Petitioner next contends that he was denied a fair trial by the introduction of various testimony.  The Court should conclude that petitioner is not entitled to habeas corpus relief on these claims.

1.      *Clearly Established Law*

It is well established that habeas corpus is not available to remedy a sate court's error in the application of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (a federal court on habeas review "ha[s] no authority to review a state's application of its own laws).  Thus, unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional magnitude.  *See Cooper v.*

10

*Sowders*, 837 F.2d 284, 286 (6th Cir. 1988); *Davis v. Jabe*, 824 F.2d 483, 487 (6th Cir. 1987).  "[A] federal habeas court has nothing whatsoever to do with reviewing a state court ruling on the admissibility of evidence under state law.  State evidentiary law simply has no effect on [a court's] review of the constitutionality of a trial, unless it is asserted that the state law itself violates the Constitution." *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993).  As the Sixth Circuit has noted, "[e]rrors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Winthrow*, 25 F.3d 363, 370 (6th Cir. 1994).

In short, "[o]nly when the evidentiary ruling impinges in a specific constitutional protection or is so prejudicial that it amounts to a denial of due process may a federal court grant a habeas corpus remedy." *Barrett v. Acevedo*, 169 F.3d 1155, 1163 (8th Cir. 1999); *see also*, *Coleman v. Mitchell*, 244 F3d. 533, 542 (6th Cir. 2001).  Where specific constitutional right – such as the right to confront witnesses or to present a defense – is not implicated, federal habeas relief is available only if the allegedly erroneously admitted evidence "is almost totally unreliable and…the factfinder and the adversary system will not be competent to uncover, recognize, and take due account of its shortcomings."  *Barefoot v. Estelle*, 463 U.S. 880, 899 (1983).

2.    *Analysis*

*a.  Prior Acts Evidence*

Petitioner contends that he was denied a fair trial by the admission of prior acts evidence regarding an earlier Georgia arrest, where petitioner was also driving a car with a secret compartment in which officers found traces of cocaine.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.  As noted above, the issue here is not whether this evidence was

11

properly admitted under the Michigan Rules of Evidence, but rather whether the petitioner was denied a fair trial by the introduction of this evidence. This being the case, petitioner is not entitled to habeas relief even if the evidence was not properly admitted under Rule 404(b). Both the Supreme Court and the Sixth Circuit have repeatedly held that a defendant is not denied a fair trial by the admission of prior acts evidence which is relevant in the defendant's trial. *See Estelle*, 502 U.S. at 69-70; *Dowling v. United States*, 493 U.S. 342, 353-54 (1990); *Coleman v. Mitchell*, 268 F.3d 417, 439-40 (6th Cir. 2001); *Pennington v. Lazaroff*, 13 Fed. Appx. 228, 232 (6th Cir. 2001) (per curiam) (unpublished); *Manning v. Rose*, 507 F.2d 889, 893-95 (6th Cir. 1974). Thus, the only question is whether the Michigan Court of Appeals's determination that the evidence was relevant was reasonable. The Court should conclude that this determination was reasonable. As the Michigan Court of Appeals explained, the evidence concerned a principal issue in the case, namely, whether petitioner knew about the hidden compartment in the car that contained cocaine, and the potential for prejudice was minimized by the fact that (a) the trial court gave a limiting instruction on the proper use of prior acts evidence, *see* Trial Tr., Vol. V, at 152-53, and (b) the Georgia matter did not result in a conviction. *See Valasquez*, 2004 WL 315169, at *3. Accordingly, the Court should conclude that the petitioner is not entitled to habeas corpus relief on this

### b. Videotaped Statement

Petitioner also contends that he was denied his right to a fair trial by the admission of an edited statement he made during a videotaped interview with police while he was in custody. In this interview he indicated he was expecting a telephone call in a week from the people who gave him the car. This statement was admitted through the testimony of Lieutenant Quisenberry of the Oakland County Sheriff's Department. Petitioner claims that the introduction of the statement was misleading

12

and presented out of context.  Petitioner argues that the entire interview should have been admitted or none at all.  The Michigan Court of Appeals rejected this claim, stating that "[d]efendant has not shown that fairness required that the entire interview be considered by the jury."  *Valasquez*, 2004 WL 315169 at *4.  The Court should conclude this determination was reasonable.

As noted above, the only question is whether the admission of the statements from the interview denied petitioner a fair trial.  The trial court allowed the evidence of this statement to come in through testimony by one of the officers who did the interview.  The jury did not see any parts of the videotaped interview.  If the defense believed that context needed to be added to the information that was coming in through the testimony, then cross-examination of the witness providing this information would have been the appropriate forum to add this context.  Defense counsel had, and took advantage of, this opportunity.  *See* Trial Tr., Vol V., at 53-56.  Moreover, as the court of appeals noted, "the length of the tape and the extraneous and inadmissible matters would have caused a waste of time and created a danger of confusing the jury about inappropriate matters."  *Valasquez*, 2004 WL 315169 at *4.  Petitioner has failed to show that this determination by the appeals court was unreasonable, denying him a fair trial.  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claims.

### c.  *Michigan Surveillance*

Additionally, petitioner contends that he was denied the right to a fair trial by the admission of testimony that he was under surveillance in October and December of 2000 prior to his arrest.  Petitioner contends that the admission of this evidence was prejudicial, violating his right to a fair trial.  The Michigan Court of Appeals rejected this claim, explaining that:

Evidence that defendant drove in an erratic manner indicative of flight or evasion during the earlier periods of police surveillance was relevant to explain his similar

13

> driving on the day of his arrest, which in turn was probative of defendant's consciousness of guilt, i.e., knowledge that his vehicle contained illegal drugs. Thus, the evidence was relevant and admissible for a proper, noncharacter purpose under MRE 404(b).

*Valasquez*, 2004 WL 315169 at *4. The Court should conclude that this determination did not deny petitioner of a fair trial.

Again, the question here is not whether the admission of the evidence was improper under state law. Instead, the question is whether petitioner was denied a fair trial by the admission. There is nothing in the record to suggest that this was the case and that the conclusion by the court of appeals was unreasonable. Petitioner offers no convincing argument as to how the admission of this evidence violated his right to a fair trial. As the court of appeals noted, the evidence tied together petitioner's driving style on prior occasions with that on the day of his arrest, indicating a consciousness of guilt. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

### d. Note to Wife

Petitioner also contends that the trial court mistakenly admitted a note to his wife that he wrote, but which was confiscated from him when he was transported to court for his arraignment. Petitioner argues that the admission of the note involved extraneous issues that had nothing to do with the trial at hand. The Court of Appeals rejected this claim stating that, "[w]e agree with the trial court that the question whether inculpatory inferences could be drawn from the cryptic contents of the note was for the jury to decide." *Valasquez*, 2004 WL 315169 at *5. The Court should conclude that this determination is reasonable.

The question is whether petitioner was denied a fair trial by the admission of the note. As the court of appeals noted, petitioner's objections related to the weight of the evidence and not its

14

admissibility.   It was up to the jury to draw inferences from its contents, assigning weight to the evidence as it saw fit. In addition, the inculpatory note was not taken in any manner that was improper; instead, it was recovered from petitioner while he was transported to his arraignment.[1] The introduction of this letter did not impugn petitioner's right to a fair trial.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

### e. Drug Profile Evidence

Petitioner contends that he was denied his right to a fair trial by the introduction of drug profile testimony.  He argues that the introduction of this profile evidence was so intertwined with substantive evidence that the jury could not distinguish between the two.  In addition, he argues that this was compounded by the court not giving a cautionary instruction to the jury regarding profile evidence.  The Court of Appeals, reviewing the claim for plain error because of the failure to preserve the issue with an objection at trial, rejected petitioner's arguments noting, "[b]ecause profile evidence can be admissible under certain circumstances, although not as substantive evidence of guilt, we find no plain error."  *Valasquez*, 2004 WL 315169 at *5.  The Court should conclude that petitioner was not denied a fair trial by the admission of profile testimony.

There is nothing in the record to suggest that petitioner's right to a fair trial was impugned by the admission of this testimony.  The Sixth Circuit has held that, "[l]aw enforcement officers may testify concerning the methods and techniques employed in an area of criminal activity and to establish 'modus operandi' of particular crimes." *United States v. Pearce*, 912 F.2d 159, 163 (6th Cir.1990).  Petitioner's claim that the profile testimony by police officers was overly intertwined with

---

[1]Petitioner does not argue, for example, that the confiscation of the note violated the Fourth Amendment, or that the confiscation itself was in any way improper.  Rather, his claim attacks only the evidentiary use of the note at trial.

that of substantive evidence is unfounded.  Officers simply testified that the characteristics that petitioner exhibited were consistent with the behavior of drug traffickers.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.      *Aiding and Abetting Jury Instruction (Claim IV)*

Petitioner contends that he was denied a fair trial by the administering of the wrong set of jury instructions.  Petitioner argues that he was tried under a theory of aiding and abetting, yet the judge did not instruct the jury on this theory.

1.      *Clearly Established Law*

In order for habeas corpus relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned; rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair.  *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibble*, 431 U.S. 145, 154 (1977); *Wood v. Marshall*, 790 F. 2d 548, 551-552 (6th Cir. 1986); *cf. United States v. Sheffey*, 57 F. 3d 1419, 1429-30 (6th Cir. 1995) (standard of review for jury instructions challenged in direct criminal appeal).  As the Supreme Court noted in *Estelle*, 502 U.S. at 72-73 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).  If an instruction is ambiguous and not necessarily erroneous, it can run afoul of the Constitution only if there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution.  *See Estelle*, 502 U.S. at 72 & 73 n.4; *Boyde v. California*, 494 U.S. 370, 380 (1990).  In short, instructional errors of state law will rarely form the basis for federal habeas corpus relief.  *See Estelle*, 502 U.S. at 71-72.

2.      *Analysis*

Petitioner claims he was denied a fair trial by the failure of the trial court to give jury

instructions on the theory of aiding and abetting.  He argues that this is the theory under which he was prosecuted through the proofs and opening and closing statements of the prosecutor.  The Court of Appeals rejected this claim stating, "A person who aids or abets is treated the same as a principal . . . . Defendant failed to show how he was prejudiced by the trial court's failure to instruct on this *additional* theory of guilt." *Valasquez*, 2004 WL 315169 at *6 (emphasis in original).  The Court should conclude that this determination did not deny petitioner a fair trial.

The question is whether the jury instructions as a whole denied petitioner a fair trial. Petitioner was charged as a principal and the jury was instructed according to that charge.  As previously explained, there was sufficient evidence to convict petitioner as a principal. Consequently, there is nothing wrong with omitting an unnecessary theory of guilt   Moreover, petitioner fails to explain  how the outcome would have differed if the jury was given an aiding and abetting instruction.  As the court of appeals noted, an aider and abettor is treated the same as a principal, MICH. COMP. LAWS § 767.39, leaving it unclear how petitioner would have benefitted from an additional instruction.  On the contrary, an aiding and abetting instruction would have harmed petitioner and aided the *prosecution*, by providing the jury with an alternative basis upon which to convict petitioner.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

G.    *Ineffective Assistance of Counsel (Claims III and IV)*

Petitioner next contends that he was denied the effective assistance of counsel in two respects. In particular, he contends that his trial counsel was ineffective for: (1) failing to object to drug profile testimony by police witnesses Detective David McNealy, Lieutenant Jimmy Hightower, Sergeant Brent Miles, and Detective Brent Jex; and (2) failing to ensure that the court instructed the jury on

17

the theory of aiding and abetting.  The court should conclude that petitioner is not entitled to habeas relief on these claims.

1.      *Clearly Established Law*

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense.  *Id*. at 687.  These two components are mixed questions of law and fact.  *See id*. at 698.  Further, "[t]here is no reason for a court deciding an ineffective assistance claim…to address both components of the inquiry if the defendant makes an insufficient showing on one."  *Id*. at 697.  If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."  *Id*.

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance.  *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).  "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland*, 466 U.S. at 689 (citation omitted).  "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id*. at 690.  With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable

18

doubt respecting guilt." *Id*. at 695.

    2.    *Analysis*

    *a.  Failure to Raise Objection to Drug Profile Testimony (Claim III)*

Petitioner first contends that his trial counsel was ineffective for failing to object to drug profile testimony offered at trial by police witnesses Detective David McNealy, Lieutenant Jimmy Hightower, Sergeant Brent Miles, and Detective Brent Jex. As explained above, however, there was no error in the admission of this testimony. Counsel cannot be deemed ineffective for failing to raise a meritless objection. *See Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995); *Burnett v. Collins*, 982 F.2d 922, 929 (5th Cir. 1993). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

    *b.  Failure to Challenge Jury Instructions (Claim IV)*

Petitioner also contends that his trial counsel was ineffective for failing to challenge the jury instructions because they did not include an instruction on aiding and abetting. As explained above, there was no error in the failure of the trial court to instruct the jury on an additional theory of guilt, when there was sufficient evidence to find him guilty as a principal, and the fact that an aider or abettor is treated the same as a principal. Again, because there was no error, petitioner cannot demonstrate that counsel was ineffective. Also, because petitioner has failed to show any prejudice resulting from no instruction on aiding and abetting, he cannot show that counsel was ineffective for failing to raise a challenge to the jury instructions. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

H.    *Cumulative Effect of Errors (Claim V)*

Finally, petitioner contends that he was denied a fair trial by the cumulative effect of the

19

errors at his trial.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.  It is true that "[e]rrors which standing alone may be deemed harmless or insufficiently prejudicial to amount to a denial of due process may cumulatively produce a trial setting which is fundamentally unfair."  *Payne v. Janasz*, 711 F.2d 1305, 1316 (6th Cir. 1983) (Jones, J., dissenting); *accord Walker v. Engle*, 703 F.2d 959, 968 (6th Cir. 1983).  This rule, however, applies only to constitutional errors; the accumulation of non-errors cannot collectively amount to a violation of due process.  *See Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002); *United States v. Lumpkin*, 192 F.3d 280, 290 (2d Cir. 1999); *McKinnon v. Ohio*, No. 94-4256, 1995 WL 570918, at *12 (6th Cir. Sept. 27, 1995); *Fero v. Kerby*, 39 F.3d 1462, 1475 (10th Cir. 1994).  As noted and discussed in this Report, none of petitioner's claims establish constitutional error, and thus his cumulative error claim fails.

I.      *Conclusion*

        In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

        The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

20

1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: July 13, 2006

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 13, 2006.

s/Eddrey Butts
Case Manager

21