UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CESAR AUJUSTO VALASQUEZ,

     Petitioner,

                          CASE NO. 05-CV-73281-DT
v.                       JUDGE VICTORIA A. ROBERTS
                          MAGISTRATE JUDGE PAUL J. KOMIVES

BLAINE LAFLER,

     Respondent.
                                    /

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny petitioner's application for a certificate of appealability (docket #36).

II.    REPORT:

A.    *Procedural Background*

Petitioner Cesar Aujusto Valasquez is a state prisoner confined at the Muskegon Correctional Facility in Muskegon, Michigan. On August 25, 2005, petitioner filed an application for the writ of habeas corpus, challenging his 2002 state court conviction for possessing with intent to deliver 650 grams or more of cocaine. On July 13, 2006, I filed a Report recommending that the Court deny the petition. Specifically, I recommended that the Court conclude that each of petitioner's claims was without merit. On August 5, 2008, the Court entered an order accepting my recommendation. On September 2, 2008, petitioner filed a notice of appeal and application for a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), petitioner may appeal only if he is first granted a certificate of appealability. For the reasons that follow, the Court should deny the certificate.

1

B.   *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)). Accordingly, with respect to each issue, the Court must "either issue a certificate of appealability or state why a certificate should not issue." FED. R. APP. P. 22(b)(1).

C.   *Analysis*

Although petitioner's habeas application included five claims for relief, petitioner seeks a

certificate of appealability only with respect to his first claim, which contends that the evidence was insufficient. Because petitioner does not seek the issuance of a certificate of appealability for the remaining claims that he raised in his petition, petitioner has waived his right to obtain a certificate of appealability on these claims. *See Elzy v. United States*, 205 F. 3d 882, 886 (6th Cir. 2000).

With respect to his sufficiency of the evidence claim, petitioner contends that there was no evidence that he knew there was cocaine in the car he was driving, or that he intended to deliver the cocaine to someone else. As explained in my prior report, however, the possession element of the offense can be established by constructive possession–*i.e.*, knowledge of the presence of the cocaine coupled with the right to exercise control over it. *See People v. Wolfe*, 440 Mich. 508, 520, 489 N.W.2d 748, 753 (1992). Circumstantial evidence is sufficient to establish constructive possession, and constructive possession may be found when the totality of the circumstances indicates a nexus between the defendant and the contraband. *See id*. at 520-21, 489 N.W.2d at 753-54. Likewise, intent to deliver may be inferred from the circumstances, including the quantity of the drugs recovered and the manner in which they are packaged. *See id*. at 524, 489 N.W.2d at 755. Further, the standard of review is extremely deferential to the jury's verdict. First, a reviewing court must view the evidence in the light most favorable to the prosecution and must assume that the jury resolved all conflicts in the evidence in favor of the prosecution. Second, this Court on habeas review must apply the deferential review standard set forth in 28 U.S.C. § 2254(d). In other words, "[t]he task for this court is to determine whether it was objectively unreasonable for the [Michigan] Court of Appeals to conclude that a rational trier of fact, after viewing the evidence in the light most favorable to the state, could have found that [petitioner] committed the essential elements of [the

3

crime]." *Nash v. Eberlin*, 258 Fed. Appx. 761, 765 (6th Cir. 2007).

In light of this standard of review and the Michigan law regarding constructive possession, the Court's rejection of petitioner's sufficiency of the evidence claim is not debatable among reasonable jurists. As noted by the Michigan Court of Appeals, the evidence showed that the cocaine was found in a compartment of the car that petitioner had been driving for several days, and had driven from Florida to Michigan. The evidence also suggested that petitioner had driven in a manner to avoid detection. The car also contained tools to access the compartment where the cocaine was stored, and a diagram detailing the location of the drugs. Petitioner had previously been arrested in Georgia driving a car which contained a similar secret compartment in which drugs were stored.[1] Finally, there was no evidence presented that any one other than petitioner had access to, or control of, the vehicle during the times that petitioner was driving it up from Florida and around the Detroit area. This evidence was clearly sufficient to establish petitioner's guilt even without applying the deference mandated by § 2254(d). *See, e.g.*, *United States v. Flores*, 474 F.3d 1100, 1105 (8th Cir. 2007); *United States v. Patterson*, 472 F.3d 767, 779 (10th Cir. 2006); *United States v. Nevarez-Montoya*, 140 Fed. Appx. 650, 651 (9th Cir. 2005). Thus, the Court's resolution of petitioner's sufficiency of the evidence claim is not debatable among reasonable jurists, and petitioner therefore is not entitled to a certificate of appealability.

D.  *Conclusion*

In view of the foregoing, the Court should deny petitioner's application for a certificate of appealability.

---

[1] As noted in my prior Report, this evidence was admissible under Rule 404(b) because it was relevant to petitioner's knowledge. *See* R&R, at 12; *cf. United States v. Pilgrim*, 270 Fed. Appx. 662, 663-64 (9th Cir. 2008); *United States v. Lazcano-Villalobos*, 175 F.3d 846-47 (10th Cir. 1999).

4

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

　　　　　　　　　　　　　　　　　　　　　s/Paul J. Komives
　　　　　　　　　　　　　　　　　　　　　PAUL J. KOMIVES
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Dated: November 7, 2008

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record  by electronic means or U.S. Mail on November 7, 2008.
>
> 　　　　　　　　　　　s/Eddrey Butts
> 　　　　　　　　　　　Case Manager